IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN GALATO,

    Petitioner,
v.                                            CASE NO. 5:00-cv-199-MCR-GRJ

MARK A. HENRY, WARDEN,
FCI MARIANNA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 36, Petitioner's Motion Under Rule 60(b)(6) for Relief From This Court's Judgment Dismissing § 2241 Motion for Lack of Jurisdiction, which has been referred to the undersigned. This case was dismissed on August 17, 2001, when the Court denied Petitioner's amended petition for writ of habeas corpus. (ECF Nos. 14, 16, 17.) Petitioner appealed that decision to the U.S. Court of Appeals for the Eleventh Circuit, which affirmed this Court's decision denying his petition on April 24, 2002. (ECF No. 33.) Then almost 16 years later, Petitioner filed the pending Rule 60(b)(6) motion. For the following reasons, the undersigned recommends that Plaintiff's motion be denied.

Petitioner initiated his case by filing a "Motion for the Issuance of a

Writ of Mandamus," ECF No. 1, which he then amended to a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 4.) Relevant to the pending motion, Petitioner challenged Count 23 of the Indictment, arguing that at the time of the commission of the offense, drug trafficking was not properly an underlying offense for the firearm charge. (ECF No. 4.) Therefore, Petitioner says that this charge amounted to an ex post facto violation. (*Id.*)

In the report and recommendation, the Court noted that a collateral attack on the validity of a federal conviction and sentence such as this claim is more properly brought under 28 U.S.C. § 2255 in the district of conviction. (ECF No. 14.) Further, the Court stated that Petitioner could not meet the requirements under *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999), to allow the Court to review his ex post facto claim under § 2241. (ECF No. 14.) The Court also stated that it did not have jurisdiction to consider the § 2241 petition as a § 2255 motion. (ECF No. 14.)

The report and recommendation was entered on July 10, 2001. (*Id.*) The district judge adopted the report and recommendation, denied the petition, and dismissed the case on August 17, 2011. (ECF Nos. 16, 17.) Petitioner then appealed to the Eleventh Circuit. In affirming the Court's decision on April 24, 2002, the Eleventh Circuit, *inter alia,* noted that the

Court did not err in finding that the challenge to his § 924(c) conviction must be brought in a 28 U.S.C. § 2255 motion, rather than a § 2241 petition, again citing *Wofford*. (ECF No. 33.)

Petitioner's motion for relief from judgment, ECF No. 36, was filed on March 21, 2018—almost 16 years after the Eleventh Circuit affirmed the denial of his § 2241 petition.  As grounds for the motion, Petitioner argues that the Court failed to address the above claim in his § 2241 petition because it "mistakenly" concluded that it lacked jurisdiction. Petitioner says that in 2017 the Eleventh Circuit overturned *Wofford* in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017). Therefore, Petitioner contends that because the Court's mistake prevented it from addressing the merits of his claim, the Court should reopen his § 2241 proceeding to do so. (ECF No. 36.)

> Under Fed. R. Civ. P. 60(b),
>
> On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Additionally, "[a] motion under Rule 60(b) must be made within a *reasonable time*—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c) (emphasis added).

For starters, Petitioner's motion is due to be denied as untimely given that the judgment denying his § 2241 petition and dismissing his case was entered roughly 16 years ago. The Court cannot find any circumstances under which this length of time could be considered *reasonable*.

Further, Petitioner identifies no grounds that justify relief from the judgment denying his § 2241 petition and dismissing his case. "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter*

*Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

Petitioner has failed to demonstrate that such extraordinary circumstances exist here. Petitioner has failed to show that the Court erred in denying his § 2241 Petitioner, in which he was attempting to attack the validity of his conviction on Count 23—something he must do in a § 2255 motion. Additionally, to the extent that Petitioner believes he is now entitled to different relief because the Eleventh Circuit overturned *Wofford* in 2017, such a change in the law does not entitle him to relief 16 years after the judgment. *Cf. Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987) ("[S]omething more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief.").

Accordingly, it is respectfully **RECOMMENDED** that Petitioner's Motion Under Rule 60(b)(6) for Relief From This Court's Judgment Dismissing § 2241 Motion for Lack of Jurisdiction, ECF No. 36, should be **DENIED.**

**IN CHAMBERS** this 23rd day of March 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**